UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED ANDREW MARTIN,<br><br>    Plaintiff,<br><br>    v.<br><br>DALE J. BLEA, et al.,<br><br>    Defendants. | Case No.: 1:22-cv-00698 AWI SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS PLAINTIFF'S COMPLAINT WITHOUT LEAVE TO AMEND**<br><br>**21-DAY OBJECTION DEADLINE** |

Plaintiff Jared Andrew Martin, a pretrial detainee, is proceeding *pro se* in this civil rights action brought pursuant to 42 U.S.C. § 1983.

**I.   INTRODUCTION**

Plaintiff filed his complaint on June 9, 2022. (Doc. 1.) Plaintiff generally alleges Defendants Dale J. Blea, Ernest J. Licalsi, the County of Madera and the City of Madera are working cooperatively to get Plaintiff convicted of crimes he did not commit.

For the reasons discussed below, the undersigned will recommend Plaintiff's complaint be dismissed without leave to amend.

**II.   SCREENING REQUIREMENT**

The Court is required to screen complaints brought by pretrial detainees or prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the complaint is

frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

### III.  PLEADING REQUIREMENTS

#### A.  Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002). A complaint must contain "a short and plain statement of the claims showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal quotation marks & citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of *pro se* prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," not his legal theories. *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks & citation omitted), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks & citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not

sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks & citation omitted).

### IV. PLAINTIFF'S COMPLAINT

Plaintiff asserts three claims. As to each claim, Plaintiff contends his rights under the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution have been violated.

In his first claim, Plaintiff contends Madera County Superior Court Judge Dale J. Blea "is not fair or impartial," refuses to allow Plaintiff to represent himself, refused to allow Plaintiff to move for dismissal during arraignment proceedings, and refused to allow Plaintiff to present witnesses and evidence. (Doc. 1 at 3.) Plaintiff contends Defendant Blea "repeatedly interrupts" him and does "not allow the Plaintiff to exercise his rights under federal law and the U.S. Constitution." (*Id*.) Plaintiff contends Defendant Blea would not permit Plaintiff to represent himself at the arraignment and "continues to speak down to and negative about" Plaintiff, abusing his power and discretion as a judge "by allowing the prosecutors to lie and clearing the courtroom without excuse." (*Id*.)

As to his second claim, Plaintiff contends he wants "U.S. Attorney assistance and FBI protection because California Department of Corrections and Rehabilitation correctional officers have beat, abused and tried to murder" him. (Doc. 1 at 4.)[1] Plaintiff contends Defendants Blea, Licalsi, "the District Attorney and Madera County Sheriff have conspired to send [Plaintiff] back to prison knowing these charges … are false." (*Id*.) Plaintiff further contends he has been prevented from presenting evidence of his innocence and that "these people, Madera County and the City of Madera are knowingly, willingly, and intentionally trying to put" him in prison for crimes he did not commit. (*Id*.) Plaintiff contends that when he attempts to "explain the details and give background" concerning how he "was beaten, terrorized and tortured and sexually harassed by correctional officers," the City of Madera and County of Madera "employees silence" him. (*Id*.) Plaintiff concludes that "Judge Blea and local government officials and employees are

---

[1] Despite referring to the California Department of Corrections and Rehabilitation in this claim, Plaintiff has not named that entity as a defendant in this action.

3

trying to murder" him to "keep their secrets." (*Id.*)

Finally, in his third claim, Plaintiff contends he "want[s] a jury trial for this lawsuit" because "people need to know how city and county prosecutors, judges, and correctional officers, along with the Sheriff's Department, have used the Madera resources to abuse poor and black." (Doc. 1 at 5.) Plaintiff contends he is "being set up by Judge Blea," and that the City of Madera and County of Madera are "supporting corrupt judges, including Ernest J. Licalsi." (*Id.*) He asserts "there is no way Judge Blea, Warden Raythel Fisher, Sergeant Darren Huckaby or Noah Marshall could get away with tampering with evidence or obstructing justice or torturing, terrorizing, seizing [his] court papers, legal documents, legal paperwork or evidence of [his] innocence with the backing and support of the City of Madera and County of Madera." (*Id.*) Plaintiff repeats his wish for "U.S. Attorney assistance" and "FBI protection." (*Id.*)

Plaintiff seeks relief in the form of "state and federal investigations of Judge Dale J. Blea," a jury trial, "U.S. Attorney assistance and FBI protection," $200,000,000.00 in damages, and "stays, injunctions and restraining order[s] to stop" the violations of his constitutional rights. (Doc. 1 at 6.) Plaintiff wants "those involved fired and arrested," and repeats his "need" for "U.S. Attorney assistance and FBI protection." (*Id.*)

## V.   DISCUSSION

### A.  Section 1983

The Civil Rights Act provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in any action at law, suit in equity, or other proper proceeding for redress
> ….

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides a 'method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*,

4

697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir 2006).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. County of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark County Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Ashcroft v. Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

### B. *Younger* Abstention

Plaintiff's complaint primarily concerns a pending criminal action against him in the Madera County Superior Court and seeks injunctive relief as a remedy. Where an injunction is sought in relation to ongoing criminal proceedings, the *Younger* abstention applies.

Claims attempting to challenge ongoing criminal proceedings are barred under the doctrine of *Younger v. Harris*, 401 U.S. 37 (1971). The *Younger* doctrine "prevents a federal

5

court in most circumstances from directly interfering with ongoing criminal proceedings in state court." *Jones v. Buckman*, No. 2:18-cv-0054-EFB P, 2019 WL 1227921, at *2 (E.D. Cal. Mar. 15, 2019). The doctrine is rooted in the "desire to permit state courts to try state cases free from interference by federal courts." *Younger*, 401 U.S. at 43. "Absent extraordinary circumstances, interests of comity and federalism instruct federal courts to abstain from exercising our jurisdiction in certain circumstances when asked to enjoin ongoing state enforcement proceedings." *Page v. King*, 932 F.3d 898, 901 (9th Cir. 2019) (internal quotation marks & citation omitted) "Further, the Younger abstention doctrine bars requests for declaratory and monetary relief for constitutional injuries arising out of a plaintiff's ongoing state criminal prosecution." *Id*., citing *Mann v. Jett*, 781 F.2d 1448, 1449 (9th Cir. 1986). Federal courts "may not interfere with pending state criminal or civil proceedings." *Aiona v. Judiciary of State of Haw.*, 17 F.3d 1244, 1248 (9th Cir. 1994).

"*Younger* abstention is appropriate when: (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (internal quotation marks & citation omitted).

Typically, dismissal is required for *Younger* abstention. *Aiona*, 17 F.3d at 1248 (stating that, when abstaining under *Younger*, "a district court must dismiss the federal action ... [and] there is no discretion to grant injunctive relief") (internal citation omitted). "Federal courts will not abstain under *Younger* in extraordinary circumstances where irreparable injury can be shown." *Page*, 932 F.3d at 902 (internal quotation marks & citation omitted). "[B]ad faith and harassment" are "the usual prerequisites" to show "the necessary irreparable injury." *Younger*, 401 U.S. at 53.

Here, Plaintiff's case implicates the *Younger* doctrine. While Plaintiff does not specify what type of "injunctions and restraining order" he seeks, his allegations involve alleged misconduct in his state court criminal prosecution. As such, any injunctive relief must be related to the ongoing criminal proceedings and enjoining Plaintiff's prosecution in the Madera County

1   Superior Court is the evident remedy Plaintiff seeks. However, such state proceedings implicate
2   important state interests in conducting criminal matters unimpeded. *Kelly v. Robinson*, 479 U.S.
3   36, 49 (1986) ("This Court has recognized that the States' interest in administering their criminal
4   justice systems free from federal interference is one of the most powerful of the considerations
5   that should influence a court considering equitable types of relief").

6   Moreover, Plaintiff has an adequate opportunity to raise his federal claims in the state
7   proceedings. California state courts provide an adequate forum in which a plaintiff may pursue
8   his claims. *See Pennzoil Co. v. Texas, Inc.*, 481 U.S. 1, 15 (1987) (a "federal court should assume
9   that state procedures will afford an adequate remedy, in the absence of unambiguous authority to
10  the contrary"). Additionally, when the state proceedings have concluded and his conviction
11  becomes final, plaintiff may seek federal habeas relief. *See Fellows v. Matteson*, 2020 WL
12  4805022 (C.D. Cal. May 18, 2020) (prisoner "may seek federal habeas relief after his California
13  state criminal proceedings ... have concluded with a final judgment of conviction").

14  In sum, in this case there is an ongoing state judicial proceeding that implicates important
15  state interests, Plaintiff has an adequate opportunity in the state proceedings to raise constitutional
16  challenges, and he has requested relief seeking to enjoin the ongoing state judicial proceeding.
17  Hence, the *Younger* abstention applies. *Arevalo v. Hennessy*, 882 F.3d at 765.

18  Further, Plaintiff has not alleged any extraordinary circumstances or irreparable injury that
19  would warrant intervention by this Court. While Plaintiff generally alleges the named Defendants
20  are conspiring to prosecute him for crimes he did not commit, such conclusory allegations are not
21  sufficient. *See Applied Underwriters, Inc. v. Lara*, 530 F. Supp. 3d 914, 937 (E.D. Cal. 2021)
22  ("Evidence of bad-faith harassment must be more than multiple prosecutions, must be more than
23  conclusory statements about motive, must be more than a weak claim of selective prosecution,
24  and must be more than the prosecution of close cases") (quoting *Kihagi v. Francisco*, No. 15-CV-
25  01168-KAW, 2016 WL 5682575, at *4 (N.D. Cal. Oct. 3, 2016)).

26  In conclusion, Plaintiff cannot obtain injunctive relief related to his current criminal
27  proceedings through this § 1983 action. Plaintiff may challenge procedural rulings and
28  evidentiary issues in state court, and if convicted, on appeal. He may also seek relief by way of a

federal habeas corpus action once state court proceedings are finalized following conviction. However, Plaintiff cannot use this § 1983 action as a vehicle for interfering with the state criminal prosecution in the Madera County Superior Court.

### C. Malicious Prosecution

Plaintiff's complaint also seeks damages against the named Defendants—which can be liberally construed as alleging a malicious prosecution claim against Defendants who Plaintiff contends are conspiring to convict him of crimes he did not commit. And, where the *Younger* abstention applies, constitutional claims for damages are typically stayed pending the criminal and appellate proceedings. *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 608 (1975) ("For regardless of when the Court of Common Pleas' judgment became final, we believe that a necessary concomitant of *Younger* is that a party in appellee's posture must exhaust his state appellate remedies before seeking relief in the District Court, unless he can bring himself within one of the exceptions specified in *Younger*"); *see also Jones v. Shafer*, No. 1:07-CV-01498-OWW-DLB-PC, 2010 WL 546155, at *3 (E.D. Cal. Feb. 10, 2010) (ordering dismissal of claims for injunctive and declaratory relief under *Younger* and stay of claims for monetary damages).

The Ninth Circuit Court of Appeal held as follows:

> To claim malicious prosecution, a petitioner must allege "that the defendants prosecuted her with malice and without probable cause, and that they did so for the purpose of denying her equal protection or another specific constitutional right." *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir.1995); *see also Blaxland v. Commonwealth Dir. of Pub. Prosecutions*, 323 F.3d 1198, 1204 (9th Cir.2003) (stating that malicious prosecution "concern[s] the wrongful use of legal process"). It requires "the institution of criminal proceedings against another who is not guilty of the offense charged" and that "the proceedings have terminated in favor of the accused." Restatement (Second) of Torts § 653 (1977).12 In general, a claim of malicious prosecution is not cognizable under § 1983 "if process is available within the state judicial systems" to provide a remedy, although "we have also held that an exception exists ... when a malicious prosecution is conducted with the intent to ... subject a person to a denial of constitutional rights." *Bretz v. Kelman*, 773 F.2d 1026, 1031 (9th Cir.1985) (en banc).

*Lacey v. Maricopa County*, 693 F.3d 896, 919 (9th Cir. 2012).

//

//

8

Here, Plaintiff cannot establish that the criminal proceedings in the Madera County Superior Court have terminated in his favor, a requirement that must be met to state a claim of malicious prosecution. *Lacey,* at 919; *see also Womack v. Cty. of Amador*, 551 F.Supp.2d 1017, 1031 (2008) ("With respect to the element of favorable termination, this element 'requires a termination reflecting the merits of the action and plaintiff's innocence of the misconduct'"). In fact, it is clear from Plaintiff's complaint that the criminal proceedings instituted against him are ongoing.[2] Because Plaintiff cannot state a cognizable malicious prosecution claim, nor does it appear he can cure such a claim by amendment, a stay would be futile. Accordingly, Plaintiff's complaint should be dismissed.

### D.  Judicial Immunity

The court notes that two of the defendants named in Plaintiff's claims are not proper defendants. Plaintiff names Madera County Superior Court Judges Dale J. Blea and Ernest J. Licalsi as defendants.  Absolute immunity is generally accorded to judges functioning in their official capacities. *See Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004). "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction." *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967). Judicial immunity "is an immunity from suit, not just from the ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *see also Stump v. Sparkman*, 435 U.S. 349, 356 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority"). As a result, Madera County Superior Court Judges Blea and Licalsi are immune from liability arising from their judicial rulings. This deficiency cannot be cured by amendment.

### E.  Leave to Amend

"A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). Because it does

---

[2] A case search of the Madera County Superior Court records, conducted July 8, 2022, reveals two actions pending against Plaintiff, case numbers MCR073503 and MCR071794. Neither action has resolved or been terminated and both criminal actions are ongoing.

not appear possible that the deficiencies identified herein can be cured by amending the complaint, leave to amend is not warranted. *See Lopez v. Smith*, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

### VI. CONCLUSION AND RECOMMENDATION

For the reasons given above, the undersigned HEREBY RECOMMENDS this action be dismissed with prejudice.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). **Within 21 days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 12, 2022**                    /s/ *Sheila K. Oberto*
                                                                UNITED STATES MAGISTRATE JUDGE