1
2
3
4
5
6
7
8            UNITED STATES DISTRICT COURT
9            EASTERN DISTRICT OF CALIFORNIA
10

11    JARED ANDREW MARTIN,                   Case No.: 1:22-cv-00698 AWI SKO (PC)

12               Plaintiff,
                                             **FINDINGS AND RECOMMENDATIONS TO**
13          v.                               **DISMISS PLAINTIFF'S COMPLAINT**
                                             **WITHOUT LEAVE TO AMEND**
14    DALE J. BLEA, et al.,
                                             **21-DAY OBJECTION DEADLINE**
15               Defendants.

16

17          Plaintiff Jared Andrew Martin, a pretrial detainee, is proceeding *pro se* in this civil rights

18    action brought pursuant to 42 U.S.C. § 1983.

19          **I.      INTRODUCTION**

20          Plaintiff filed his complaint on June 9, 2022. (Doc. 1.)  Plaintiff generally alleges

21    Defendants Dale J. Blea, Ernest J. Licalsi, the County of Madera and the City of Madera are

22    working cooperatively to get Plaintiff convicted of crimes he did not commit.

23          For the reasons discussed below, the undersigned will recommend Plaintiff's complaint be

24    dismissed without leave to amend.

25          **II.     SCREENING REQUIREMENT**

26          The Court is required to screen complaints brought by pretrial detainees or prisoners

27    seeking relief against a governmental entity or an officer or employee of a governmental entity.

28    28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the complaint is

1   frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary

2   relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should

3   dismiss a complaint if it lacks a cognizable legal theory or fails to allege sufficient facts to

4   support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th

5   Cir. 1990).

6       **III.   PLEADING REQUIREMENTS**

7           **A.  Federal Rule of Civil Procedure 8(a)**

8           "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

9   exceptions." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002). A complaint must contain

10  "a short and plain statement of the claims showing that the pleader is entitled to relief." Fed. R.

11  Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the

12  plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal

13  quotation marks & citation omitted).

14          Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a

15  cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556

16  U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must

17  set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"

18  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as

19  true, but legal conclusions are not. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

20          The Court construes pleadings of *pro se* prisoners liberally and affords them the benefit of

21  any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the

22  liberal pleading standard . . . applies only to a plaintiff's factual allegations," not his legal

23  theories. *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation

24  of a civil rights complaint may not supply essential elements of the claim that were not initially

25  pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal

26  quotation marks & citation omitted), and courts "are not required to indulge unwarranted

27  inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation

28  marks & citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not

2

1   sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's

2   liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks & citation omitted).

3       **IV.   PLAINTIFF'S COMPLAINT**

4       Plaintiff asserts three claims.  As to each claim, Plaintiff contends his rights under the

5   First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution

6   have been violated.

7       In his first claim, Plaintiff contends Madera County Superior Court Judge Dale J. Blea "is

8   not fair or impartial," refuses to allow Plaintiff to represent himself, refused to allow Plaintiff to

9   move for dismissal during arraignment proceedings, and refused to allow Plaintiff to present

10   witnesses and evidence. (Doc. 1 at 3.) Plaintiff contends Defendant Blea "repeatedly interrupts"

11   him and does "not allow the Plaintiff to exercise his rights under federal law and the U.S.

12   Constitution." (*Id.*) Plaintiff contends Defendant Blea would not permit Plaintiff to represent

13   himself at the arraignment and "continues to speak down to and negative about" Plaintiff, abusing

14   his power and discretion as a judge "by allowing the prosecutors to lie and clearing the courtroom

15   without excuse." (*Id.*)

16       As to his second claim, Plaintiff contends he wants "U.S. Attorney assistance and FBI

17   protection because California Department of Corrections and Rehabilitation correctional officers

18   have beat, abused and tried to murder" him. (Doc. 1 at 4.)[1] Plaintiff contends Defendants Blea,

19   Licalsi, "the District Attorney and Madera County Sheriff have conspired to send [Plaintiff] back

20   to prison knowing these charges … are false." (*Id.*) Plaintiff further contends he has been

21   prevented from presenting evidence of his innocence and that "these people, Madera County and

22   the City of Madera are knowingly, willingly, and intentionally trying to put" him in prison for

23   crimes he did not commit. (*Id.*) Plaintiff contends that when he attempts to "explain the details

24   and give background" concerning how he "was beaten, terrorized and tortured and sexually

25   harassed by correctional officers," the City of Madera and County of Madera "employees silence"

26   him. (*Id.*) Plaintiff concludes that "Judge Blea and local government officials and employees are

27

28   [1] Despite referring to the California Department of Corrections and Rehabilitation in this claim, Plaintiff has not named that entity as a defendant in this action.

1  trying to murder" him to "keep their secrets." (*Id.*)

2      Finally, in his third claim, Plaintiff contends he "want[s] a jury trial for this lawsuit"

3  because "people need to know how city and county prosecutors, judges, and correctional officers,

4  along with the Sheriff's Department, have used the Madera resources to abuse poor and black."

5  (Doc. 1 at 5.) Plaintiff contends he is "being set up by Judge Blea," and that the City of Madera

6  and County of Madera are "supporting corrupt judges, including Ernest J. Licalsi." (*Id.*) He

7  asserts "there is no way Judge Blea, Warden Raythel Fisher, Sergeant Darren Huckaby or Noah

8  Marshall could get away with tampering with evidence or obstructing justice or torturing,

9  terrorizing, seizing [his] court papers, legal documents, legal paperwork or evidence of [his]

10 innocence with the backing and support of the City of Madera and County of Madera." (*Id.*)

11 Plaintiff repeats his wish for "U.S. Attorney assistance" and "FBI protection." (*Id.*)

12      Plaintiff seeks relief in the form of "state and federal investigations of Judge Dale J.

13 Blea," a jury trial, "U.S. Attorney assistance and FBI protection," $200,000,000.00 in damages,

14 and "stays, injunctions and restraining order[s] to stop" the violations of his constitutional rights.

15 (Doc. 1 at 6.) Plaintiff wants "those involved fired and arrested," and repeats his "need" for "U.S.

16 Attorney assistance and FBI protection." (*Id.*)

17      **V.     DISCUSSION**

18           **A. Section 1983**

19      The Civil Rights Act provides as follows:

20           Every person who, under color of any statute, ordinance, regulation,
             custom, or usage, of any State or Territory or the District of
21           Columbia, subjects, or causes to be subjected, any citizen of the
             United States or other person within the jurisdiction thereof to the
22           deprivation of any rights, privileges, or immunities secured by the
             Constitution and laws, shall be liable to the party injured in any
23           action at law, suit in equity, or other proper proceeding for redress
             ….
24

25 42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely

26 provides a 'method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490

27 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also*

28 *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*,

4

1   697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012);

2   *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir 2006).

3       To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under

4   color of state law, and (2) the defendant deprived him of rights secured by the Constitution or

5   federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh*

6   *v. County of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state

7   law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he

8   does an affirmative act, participates in another's affirmative act, or omits to perform an act which

9   he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler*

10  *II v. Clark County Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v.*

11  *Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established

12  when an official sets in motion a 'series of acts by others which the actor knows or reasonably

13  should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at

14  1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the

15  standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637

16  F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026

17  (9th Cir. 2008).

18      A plaintiff must demonstrate that each named defendant personally participated in the

19  deprivation of his rights. *Ashcroft v. Iqbal*, 556 U.S. at 676-77. In other words, there must be an

20  actual connection or link between the actions of the defendants and the deprivation alleged to

21  have been suffered by the plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S.

22  658, 691, 695 (1978).

23              **B.  *Younger* Abstention**

24      Plaintiff's complaint primarily concerns a pending criminal action against him in the

25  Madera County Superior Court and seeks injunctive relief as a remedy. Where an injunction is

26  sought in relation to ongoing criminal proceedings, the *Younger* abstention applies.

27      Claims attempting to challenge ongoing criminal proceedings are barred under the

28  doctrine of *Younger v. Harris*, 401 U.S. 37 (1971). The *Younger* doctrine "prevents a federal

5

court in most circumstances from directly interfering with ongoing criminal proceedings in state court." *Jones v. Buckman*, No. 2:18-cv-0054-EFB P, 2019 WL 1227921, at *2 (E.D. Cal. Mar. 15, 2019). The doctrine is rooted in the "desire to permit state courts to try state cases free from interference by federal courts." *Younger*, 401 U.S. at 43. "Absent extraordinary circumstances, interests of comity and federalism instruct federal courts to abstain from exercising our jurisdiction in certain circumstances when asked to enjoin ongoing state enforcement proceedings." *Page v. King*, 932 F.3d 898, 901 (9th Cir. 2019) (internal quotation marks & citation omitted) "Further, the Younger abstention doctrine bars requests for declaratory and monetary relief for constitutional injuries arising out of a plaintiff's ongoing state criminal prosecution." *Id.*, citing *Mann v. Jett*, 781 F.2d 1448, 1449 (9th Cir. 1986). Federal courts "may not interfere with pending state criminal or civil proceedings." *Aiona v. Judiciary of State of Haw.*, 17 F.3d 1244, 1248 (9th Cir. 1994).

"*Younger* abstention is appropriate when: (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (internal quotation marks & citation omitted).

Typically, dismissal is required for *Younger* abstention. *Aiona*, 17 F.3d at 1248 (stating that, when abstaining under *Younger*, "a district court must dismiss the federal action ... [and] there is no discretion to grant injunctive relief") (internal citation omitted). "Federal courts will not abstain under *Younger* in extraordinary circumstances where irreparable injury can be shown." *Page*, 932 F.3d at 902 (internal quotation marks & citation omitted). "[B]ad faith and harassment" are "the usual prerequisites" to show "the necessary irreparable injury." *Younger*, 401 U.S. at 53.

Here, Plaintiff's case implicates the *Younger* doctrine. While Plaintiff does not specify what type of "injunctions and restraining order" he seeks, his allegations involve misconduct in his state court criminal prosecution. As such, any injunctive relief must be related to the ongoing criminal proceedings and enjoining Plaintiff's prosecution in the Madera County Superior Court

1  is the evident remedy Plaintiff seeks. Such state proceedings, however, implicate important state

2  interests in conducting criminal matters unimpeded. *Kelly v. Robinson*, 479 U.S. 36, 49 (1986)

3  ("This Court has recognized that the States' interest in administering their criminal justice

4  systems free from federal interference is one of the most powerful of the considerations that

5  should influence a court considering equitable types of relief").

6       Moreover, Plaintiff has an adequate opportunity to raise his federal claims in the state

7  proceedings. California state courts provide an adequate forum in which a plaintiff may pursue

8  his claims. *See Pennzoil Co. v. Texas, Inc*., 481 U.S. 1, 15 (1987) (a "federal court should assume

9  that state procedures will afford an adequate remedy, in the absence of unambiguous authority to

10  the contrary"). Additionally, when the state proceedings have concluded and his conviction

11  becomes final, plaintiff may seek federal habeas relief. *See Fellows v. Matteson*, 2020 WL

12  4805022 (C.D. Cal. May 18, 2020) (prisoner "may seek federal habeas relief after his California

13  state criminal proceedings ... have concluded with a final judgment of conviction").

14       In sum, there is an ongoing state judicial proceeding that implicates important state

15  interests, Plaintiff has an adequate opportunity in the state proceedings to raise constitutional

16  challenges, and he has requested relief seeking to enjoin the ongoing state judicial proceeding.

17  Hence, the *Younger* abstention applies. *Arevalo v. Hennessy*, 882 F.3d at 765. Further, Plaintiff

18  has not alleged any extraordinary circumstances or irreparable injury that would warrant

19  intervention by this Court. While Plaintiff generally alleges the named Defendants are conspiring

20  to prosecute him for crimes he did not commit, such conclusory allegations are not sufficient. *See*

21  *Applied Underwriters, Inc. v. Lara*, 530 F. Supp. 3d 914, 937 (E.D. Cal. 2021) ("Evidence of bad-

22  faith harassment must be more than multiple prosecutions, must be more than conclusory

23  statements about motive, must be more than a weak claim of selective prosecution, and must be

24  more than the prosecution of close cases") (quoting *Kihagi v. Francisco*, No. 15-CV-01168-

25  KAW, 2016 WL 5682575, at *4 (N.D. Cal. Oct. 3, 2016)).

26       In conclusion, Plaintiff cannot obtain injunctive relief related to his current criminal

27  proceedings through this § 1983 action. Plaintiff may challenge procedural rulings and

28  evidentiary issues in state court, and if convicted, on appeal. He may also seek relief by way of a

1   federal habeas corpus action once state court proceedings are finalized following conviction.

2   However, Plaintiff cannot use this § 1983 action as a vehicle for interfering with the state criminal

3   prosecution in the Madera County Superior Court.

4                               **C.  Malicious Prosecution**

5          Plaintiff's complaint also seeks damages against the named Defendants—which can be

6   liberally construed as alleging a malicious prosecution claim against Defendants who Plaintiff

7   contends are conspiring to convict him of crimes he did not commit. Where the *Younger*

8   abstention applies, constitutional claims for damages are typically stayed pending the criminal

9   and appellate proceedings. *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 608 (1975) ("For regardless of

10  when the Court of Common Pleas' judgment became final, we believe that a necessary

11  concomitant of *Younger* is that a party in appellee's posture must exhaust his state appellate

12  remedies before seeking relief in the District Court, unless he can bring himself within one of the

13  exceptions specified in *Younger*"); *see also Jones v. Shafer*, No. 1:07-CV-01498-OWW-DLB-PC,

14  2010 WL 546155, at *3 (E.D. Cal. Feb. 10, 2010) (ordering dismissal of claims for injunctive and

15  declaratory relief under *Younger* and stay of claims for monetary damages).

16         The Ninth Circuit Court of Appeal has held as follows:

17             To claim malicious prosecution, a petitioner must allege "that the
               defendants prosecuted her with malice and without probable cause,
18             and that they did so for the purpose of denying her equal protection
               or another specific constitutional right." *Freeman v. City of Santa
19             Ana*, 68 F.3d 1180, 1189 (9th Cir.1995); *see also Blaxland v.
               Commonwealth Dir. of Pub. Prosecutions*, 323 F.3d 1198, 1204 (9th
20             Cir.2003) (stating that malicious prosecution "concern[s] the
               wrongful use of legal process"). It requires "the institution of
21             criminal proceedings against another who is not guilty of the offense
               charged" and that "the proceedings have terminated in favor of the
22             accused." Restatement (Second) of Torts § 653 (1977).12 In general,
               a claim of malicious prosecution is not cognizable under § 1983 "if
23             process is available within the state judicial systems" to provide a
               remedy, although "we have also held that an exception exists ... when
24             a malicious prosecution is conducted with the intent to ... subject a
               person to a denial of constitutional rights." *Bretz v. Kelman*, 773 F.2d
25             1026, 1031 (9th Cir.1985) (en banc).

26  *Lacey v. Maricopa County*, 693 F.3d 896, 919 (9th Cir. 2012).

27  //

28  //

                                            8

1    Here, Plaintiff cannot establish that the criminal proceedings in the Madera County

2    Superior Court have terminated in his favor—a requirement that must be met to state a claim of

3    malicious prosecution. *Lacey,* at 919; *see also Womack v. Cty. of Amador*, 551 F.Supp.2d 1017,

4    1031 (2008) ("With respect to the element of favorable termination, this element 'requires a

5    termination reflecting the merits of the action and plaintiff's innocence of the misconduct'"). In

6    fact, it is clear from Plaintiff's complaint that the criminal proceedings instituted against him are

7    ongoing.[2] Thus, while Plaintiff alleges criminal proceedings have been wrongly instituted against

8    him by Defendants, those proceedings have not concluded or terminated with a finding in

9    Plaintiff's favor. *Lacey*, at 919. Plaintiff cannot therefore state a malicious prosecution claim

10   against Defendants. Because Plaintiff cannot state a cognizable malicious prosecution claim, nor

11   does it appear he can cure such a claim by amendment, a stay would be futile. Accordingly,

12   Plaintiff's complaint should be dismissed.

13                                 **D.  Judicial Immunity**

14   The court notes that two of the defendants named in Plaintiff's claims are not proper

15   defendants. Plaintiff names Madera County Superior Court Judges Dale J. Blea and Ernest J.

16   Licalsi as defendants.  Absolute immunity is generally accorded to judges functioning in their

17   official capacities. *See Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004). "Few

18   doctrines were more solidly established at common law than the immunity of judges from

19   liability for damages for acts committed within their judicial jurisdiction." *Pierson v. Ray*, 386

20   U.S. 547, 553-54 (1967). Judicial immunity "is an immunity from suit, not just from the ultimate

21   assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *see also Stump v. Sparkman*,

22   435 U.S. 349, 356 (1978) ("A judge will not be deprived of immunity because the action he took

23   was in error, was done maliciously, or was in excess of his authority"). As a result, Madera

24   County Superior Court Judges Blea and Licalsi are immune from liability arising from their

---

[2] A case search of the Madera County Superior Court records, conducted July 12, 2022, reveals two actions pending against Plaintiff, case numbers MCR073503 and MCR071794.

In MCR073503, a felony criminal complaint was filed March 22, 2022, and a "Prelim Setting" will be held July 20, 2022. In MCR071794, a felony complaint was filed July 28, 2021, and the matter is set for a "Review Hearing:Pre-Trial Release – SB10" hearing on July 20, 2022. Neither action has resolved or been terminated and both criminal actions are ongoing.

1  judicial rulings. This deficiency cannot be cured by amendment.

2  **E.  Leave to Amend**

3  "A pro se litigant must be given leave to amend his or her complaint, and some notice of

4  its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be

5  cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). Because it does

6  not appear possible that the deficiencies identified herein can be cured by amending the

7  complaint, leave to amend is not warranted. *See Lopez v. Smith*, 203 F.3d 1122, 1126, 1131 (9th

8  Cir. 2000) (en banc).

9  **VI.    CONCLUSION AND RECOMMENDATION**

10  For the reasons given above, the undersigned HEREBY RECOMMENDS Plaintiff's

11  complaint be dismissed without leave to amend[3] and that the Clerk of the Court be instructed to

12  close this case.

13  These Findings and Recommendation will be submitted to the United States District Judge

14  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). **Within 21 days**

15  after being served with these Findings and Recommendation, Plaintiff may file written objections

16  with the court. The document should be captioned "Objections to Magistrate Judge's Findings and

17  Recommendation." Plaintiff is advised that failure to file objections within the specified time may

18  result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.

19  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d

20  1391, 1394 (9th Cir. 1991)).

21

22  IT IS SO ORDERED.

23  Dated:   __July 12, 2022__                              */s/ Sheila K. Oberto*

24                                                          UNITED STATES MAGISTRATE JUDGE

25

26

27

28  ───────────────────────
[3] The recommended dismissal without prejudice does not bar Plaintiff from asserting a claim for malicious prosecution if his criminal case is terminated in his favor.

10